Filed 4/12/21  Wells Fargo Bank, N.A. v. Agak CA2/6

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION SIX

|  |  |
|---|---|
| WELLS FARGO BANK, N.A.,<br><br>Plaintiff. Cross-defendant, and Appellant,<br><br>v.<br><br>GEORGE W. AGAK,<br><br>Defendant, Cross-complainant, and Respondent. | 2d Civ. No. B300635<br>(Super. Ct. No. 56-2017-00500587-CU-CL-VTA)<br>(Ventura County) |

This is an appeal from an order denying a petition to compel arbitration.  The trial court denied the petition on the ground that petitioner waived any right it may have had to arbitrate.  We affirm.

## FACTS

In August 2017, Wells Fargo Bank, N.A. (Wells Fargo) brought an action against George W. Agak to collect $17,000 in credit card debt.  Wells Fargo's complaint alleged breach of contract and common counts.

Attached as an exhibit to the complaint is Wells Fargo's alleged credit card customer agreement. The agreement contains a dispute resolution clause. The clause provides that a dispute between the bank and its customer shall be resolved by arbitration. The clause continues, "The foregoing notwithstanding, the Bank shall not initiate an arbitration to collect a consumer debt, but reserves the right to arbitrate all other disputes . . . . A 'Dispute' is any unresolved disagreement between [the customer] and the Bank. It includes any disagreement relating in any way to the Card or related services . . . ." The agreement prohibits any dispute as a representative or member of a class.

Agak answered Wells Fargo's complaint by general denial, and raised as affirmative defenses: ambiguity in the amount at issue; breach of contract; fraud, deceit, and misrepresentation; illegal conduct; violation of public policy; and "Lack of jurisdiction – Defendant has a right to arbitrate these claims."

*Wells Fargo Case Management Statement*

In August 2018, Wells Fargo filed a case management statement. Wells Fargo stated that the case will be ready for trial within 12 months of the filing of the complaint. Wells Fargo did not request referral to arbitration.

*Discovery*

Wells Fargo propounded requests for admissions, form interrogatories, inspection demands, and special interrogatories. Agak also propounded form interrogatories and inspection demands.

In September 2018, Agak's response to Wells Fargo's interrogatories stated that Wells Fargo had charged Agak illegal

"credit defense" fees.  Agak claims Wells Fargo charged the fees without his consent in violation of the credit card agreement.

*Motion for Leave to File Cross-Complaint*

In October 2018, Agak filed a motion for leave to file a cross-complaint alleging causes of action for breach of contract, fraud, unfair competition, failure to correct a billing error in violation of Civil Code section 1747.50, and declaratory relief.  The cross-complaint alleges Wells Fargo charged Agak an illegal and unauthorized "credit defense" fee.

*Second Case Management Statement*

In November 2018, Wells Fargo filed another case management statement.  Like the first statement, Wells Fargo represented to the court that it was a limited civil case, and asked for a one-day court trial.  Wells Fargo did not request arbitration.

*Motion to File Cross-Complaint Granted*

In December 2018, the trial court granted Agak's motion to file his cross-complaint.  Wells Fargo did not oppose.  Wells Fargo answered the cross-complaint.  The answer alleged 16 affirmative defenses, but the right to arbitrate was not alleged.

*Case Management Conferences*

The trial court conducted case management conferences in December 2018 and January 2019.  Wells Fargo did not raise the issue of arbitration.

*Amended Cross-Complaint*

In February 2019, Agak sought leave to amend the cross-complaint.  The amendment would turn Agak's existing cross-complaint, alleging Wells Fargo illegally imposed a "credit defense" fee, into a class action.

While the motion was pending, the trial court conducted another case management conference. Wells Fargo did not request arbitration.

Wells Fargo did not oppose the motion to amend the cross-complaint. The trial court granted the motion.

*Removal to Federal Court*

In March 2019, Wells Fargo removed the matter to federal court. The district court sua sponte ordered the case remanded to state court. The court ordered Wells Fargo to show cause why it should not be sanctioned for improperly removing the case.

On remand, Wells Fargo filed its answer to Agak's amended cross-complaint. The answer included as affirmative defenses that Wells Fargo has the right to arbitrate, and that Agak has waived the right to bring a class action.

*Motion to Compel Arbitration*

In May 2019, Wells Fargo petitioned to compel arbitration. The petition was based on the arbitration provision contained in the consumer credit card customer agreement. The alleged agreement was attached to the petition as exhibit A. Wells Fargo's counsel attempted to authenticate the agreement to arbitrate by declaring: "Attached hereto as Exhibit A is a true and correct copy of the Consumer Credit Card Customer Agreement governing the terms of a credit card account Defendant and Cross-Claimant George W. Agak ('Agak') had with Wells Fargo." (Boldface omitted.)

Agak opposed the petition on the ground that Wells Fargo waived any right it may have had to arbitration by its extensive participation in the lawsuit.

4.

*Ruling*

The trial court sustained Agak's objections to both Wells Fargo's original affidavit and the affidavit in its reply papers. The court determined by the parties' actions there was no agreement to arbitrate.

The trial court also found that Wells Fargo waived its right to arbitration by its participation in the litigation. The court stated: "[T]he court also notes that waiver applies. Here, it is apparent that Plaintiff knew of the right to compel arbitration by virtue of the fact that it possessed the alleged arbitration agreement at issue and filed this motion. It is also apparent that Plaintiff acted inconsistent with that existing right, by filing this lawsuit in State Court, failing to allege a right to arbitration in its pleadings, failing to mention its right to compel arbitration in its case management statements, filing a motion for removal, participating in discovery, participating in four case management conferences without mentioning arbitration, generally participating in the litigation for nearly 2 years, and filing two discovery motions."

The trial court did not consider whether the arbitration agreement is unconscionable.

## DISCUSSION

### I

*Standard of Review*

The trial court's ruling on the admissibility of evidence is reviewed for an abuse of discretion. (*Christ v. Schwartz* (2016) 2 Cal.App.5th 440, 446-447.) The trial court's ruling on waiver of the right to arbitrate is reviewed for substantial evidence. (*Burton v. Cruise* (2010) 190 Cal.App.4th 939, 945-946.)

## II
### *Waiver of Arbitration*

The trial court found that Wells Fargo waived its right to compel arbitration by its participation in the litigation.

Code of Civil Procedure section 1281.2, subdivision (a) provides: "On petition of a party to an arbitration agreement alleging the existence of a written agreement to arbitrate a controversy and that a party to the agreement refuses to arbitrate that controversy, the court shall order the petitioner and the respondent to arbitrate the controversy if it determines that an agreement to arbitrate the controversy exists, unless it determines that: [¶] (a) The right to compel arbitration has been waived by the petitioner . . . ."

A determination of waiver is a question of fact, and we will affirm the trial court's finding if supported by substantial evidence. (*St. Agnes Medical Center v. PacifiCare of California* (2003) 31 Cal.4th 1187, 1196 (*St. Agnes*).) Where, however, the evidence is undisputed and only one reasonable inference may be drawn, the question is one of law. (*Ibid.*)

The court may consider the following factors in determining whether there has been a waiver: (1) whether the party's actions are inconsistent with the right to arbitrate; (2) whether the parties are well into preparation for the lawsuit before a party notified the opposing party of the intent to invoke arbitration; (3) whether a party delayed for a long period before seeking a stay; (4) whether a party seeking arbitration filed a counterclaim before seeking a stay; (5) whether important intervening steps such as discovery procedures not available in arbitration had taken place; and (6) whether the delay affected, misled, or prejudiced the opposing party. (*St. Agnes*, *supra*, 31 Cal.4th at

p. 1196.)  Although the trial court may consider these factors, no single test determines the nature of the conduct that constitutes a waiver of arbitration.  (*Id.* at p. 1195.)

Wells Fargo contends the trial court erred in considering its actions prior to December 18, 2018.  That is the date Agak filed his cross-complaint alleging Wells Fargo unlawfully imposed an unauthorized "credit defense" fee, the dispute that Wells Fargo now claims is subject to arbitration.

But Wells Fargo had notice of the dispute that it now claims is arbitrable at least as early as October 2018, when Agak made a motion to file his cross-complaint.  Wells Fargo did not respond with a petition to compel arbitration.  Nor did it oppose Agak's motion.  Instead, it allowed the motion to be granted unopposed, and answered the cross-complaint without raising arbitration as a defense.  Thereafter, Wells Fargo participated in case management conferences without mentioning arbitration.

In February 2019, when Agak sought leave to amend his cross-complaint to convert it to a class action, Wells Fargo still did not petition to compel arbitration.  Instead, it participated in another case management conference, and allowed the motion to be granted unopposed.

Wells Fargo responded to the amended cross-complaint by removing the case to federal court, thus, showing its intent not to arbitrate.

It was not until May 2019, seven months after Agak motioned for leave to file his cross-complaint, that Wells Fargo petitioned to compel arbitration.

*St. Agnes* points out that a waiver of arbitration is not to be lightly inferred, and a party seeking to establish a waiver bears a heavy burden of proof.  (*St. Agnes*, *supra*, 31 Cal.4th at p. 1195.)

7.

Agak carried that burden here. Applying the applicable factors listed by our Supreme Court in *St. Agnes*, the trial court could reasonably conclude that Wells Fargo waived the right to arbitrate. The court could reasonably conclude that Wells Fargo's actions were inconsistent with the right to arbitrate; that the parties were well into preparation for the lawsuit; that Wells Fargo delayed for a long period before invoking the right to arbitrate; that important intervening steps, such as case management conferences, had taken place; and that the delay prejudiced Agak by making him spend time and money on the court action. (*Id.* at p. 1196.)

Wells Fargo argues it did nothing more than what was necessary to avoid default. But it could have avoided default by bringing a motion to compel arbitration in response to Agak's motion for leave to file a cross-complaint. Instead, Wells Fargo continued to litigate the matter in court.

Moreover, Wells Fargo did more than what was necessary to avoid default. It removed the case to federal court. Wells Fargo cites *St. Agnes*, *supra*, 31 Cal.4th at page 1205 for the proposition that a party does not waive arbitration by removing to federal court or otherwise attempting to change venue. What *St. Agnes* actually says is that a party does not waive arbitration rights "merely" by seeking to change venue, but a waiver determination requires a consideration of all the circumstances. (*Ibid.*) Here the trial court did not find waiver merely because Wells Fargo removed the case to federal court. The court considered all the circumstances, including that the federal court sua sponte remanded the case to state court on the ground that the removal was obviously improper, resulting in an order to show cause regarding sanctions.

8.

In view of our decision, we need not discuss the other issues raised by Wells Fargo.

The dissent acknowledges that Wells Fargo did not request arbitration until May 19 after participating in numerous court hearings. The dissent ignores that in Agak's answer to the complaint he raised arbitration. Yet Wells Fargo continued with the litigation. The dissent also confuses the abuse of discretion standard with substantial evidence. But assuming the applicable standard of review is abuse of discretion, the dissent apparently believes the trial judge's ruling was arbitrary, capricious, and beyond the bounds of reason. Otherwise, the dissent is improperly assuming the role of the trial judge.

The judgment (order) is affirmed. Costs are awarded to Agak.

NOT TO BE PUBLISHED.

GILBERT, P. J.

I concur:

PERREN, J.

9.

TANGEMAN, J., dissenting:

I respectfully dissent. The record in this case does not support a waiver for the following reasons.

The credit card customer agreement between the parties provides that "the Bank shall not initiate an arbitration to collect a consumer debt."[1] Accordingly, Wells Fargo was legally prohibited from compelling arbitration prior to the date that Agak's cross-complaint was filed. That date was December 18, 2018.

Wells Fargo filed its motion to compel on May 14, 2019. Our task is to determine whether the trial court abused its discretion when it determined that Wells Fargo, by its conduct and/or omissions, waived its right to arbitrate during this period of less than five months.

During this five-month period, no trial date was pending, no demurrers or motions to strike were filed or pending, no discovery was initiated or responded to by Wells Fargo, and no litigation of the merits occurred. During this same period, Wells Fargo asserted its right to arbitrate no less than five times: first, on February 22 in its case management statement; second, in its statement of non-opposition to Agak's motion for leave to file an amended cross-complaint on March 4; third, as the basis for its removal to federal court (to arbitrate class action allegations pursuant to the FAA), in March; fourth, in a formal written demand to Agak on April 8; and fifth, when it asserted its right to arbitrate as an affirmative defense to the operative pleading, i.e., the amended cross-complaint, on April 22.

---

[1] This specific language was held enforceable in *Quiroz v. Cavalry SPV I, LLC* (C.D.Cal. 2016) 217 F.Supp. 1130, 1138.

The majority finds waiver because it "starts the clock" before December 18, thus penalizing Wells Fargo for not taking actions it was legally barred from taking. It compounds that error by ignoring the numerous and repeated assertions by Wells Fargo of its right to arbitrate in February, March (two times), and April (two times).

The majority acknowledges that waiver shall not be lightly inferred, that waiver cannot be inferred by removal to federal court, and that Agak "bears a heavy burden of proof." (*St. Agnes Medical Center v. PacifiCare of California* (2003) 31 Cal.4th 1187, 1195.) In *St. Agnes*, our Supreme Court set forth six factors to consider in determining whether a waiver occurred. *All six factors militate against a waiver finding*: (1) Wells Fargo undertook no actions during the relevant period inconsistent with its desire to arbitrate the cross-complaint; (2) Wells Fargo asserted its arbitration right on numerous occasions including in its answer to the operative cross-complaint; (3) there was no lengthy delay after the right arose (December 18) and before Wells Fargo first asserted its arbitration right (February 22); (4) Wells Fargo filed no counterclaim to the cross-complaint; (5) no discovery or litigation of the merits occurred in the relevant period; and (6) Agak has shown no prejudice he incurred between December 18 and February 22.

On this record, I would conclude that the trial court abused its discretion when it found waiver based on Wells Fargo's filing of the initial complaint (as was required by contract), failing to mention its right to arbitrate in its case management statements (it did so on February 22), removing the case to federal court (which does not operate as a waiver), participating in discovery (it did not do so during the relevant time period), participating in

11.

litigation "for nearly 2 years," and filing two discovery motions (it filed no such motions in the relevant time period).

NOT TO BE PUBLISHED.


TANGEMAN, J.

Kevin G. DeNoce, Judge

Superior Court County of Ventura

_____

Faegre Drinker Biddle & Reath, Angela J. Morales, Alan J. Lazarus and Amanda Semaan, for Plaintiff, Cross-defendant, and Appellant.

Mardirossian & Associates, Inc., Garo Mardirossian and Adam Feit for Defendant, Cross-complainant, and Respondent.